**FILED**

JUL 0 6 2021

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.    1:21CR00087SNLJ/ACL |
| vs. ) | |
| ) | |
| RUBY P. SIPES, ) | 18 U.S.C. § 1344(2) |
| ) | |
| Defendant. ) | |

## INDICTMENT

### COUNT I

**A.   INTRODUCTION**

At all times material to this Indictment:

1.    The defendant, Ruby P. Sipes, ("Sipes") was employed as a secretary by the Emmanuel Baptist Church ("Church").  At all times pertinent herein, Emmanuel Baptist Church was a non-profit religious organization operating in the City of Doniphan, Missouri, in Ripley County, Missouri, in the Southeastern Division of the Eastern District of Missouri.

2.    Sipes was hired as the Church Secretary in October of 2004, and was terminated from her employment on or about August 8, 2019.

3.    All checks referenced in this indictment were drawn on the People's Community Bank of Doniphan, Ripley County Missouri, a financial institution which was at all pertinent times insured by the Federal Deposit Insurance Corporation.

**B.   THE SCHEME AND ARTIFICE TO DEFRAUD**

4.    As part of her employment duties, Sipes was responsible for paying the legitimate bills of the Church. In order to accomplish these tasks Sipes had access to the Church's check

2

books but was not an authorized signer. Sipes would present a blank check to Church members who were authorized signers on the Church's accounts and tell them the purpose of the check. Once the check was signed, Sipes would then be responsible for sending the check to the appropriate party and would record the date, amount, intended purpose and recipient of the check on the Church's check registers.

5.      Beginning at an unknown time, but including on or about January 16, 2009, and continuing through about July 26, 2019, in Ripley County within the Eastern District of Missouri and elsewhere, Sipes devised a scheme to obtain funds, to which Sipes was not entitled, which were owned by the Church and in the custody and control of the People's Community Bank of Doniphan Missouri, by writing checks on the Church's accounts with the People's Community Bank.

C.      **MEANS AND METHODS OF THE SCHEME AND ARTIFICE TO DEFRAUD**

6.      Sipes would present blank checks to Church members who had signature authority over the Church's funds on deposit with the People's Community Bank. Sipes would tell the members that the checks were intended for legitimate purposes, but some were used for the personal enrichment of Sipes, who would at times make the signed checks payable to herself, or to businesses to whom she owed money without authority from the Church to do so. The Bank would routinely honor and pay the falsified checks to Sipes' benefit. Sipes would then typically falsify the Church check register in order to disguise the thefts. Sipes was not entitled to receive the benefit of these funds from the Church.

7.      As a result of the foregoing scheme and artifice to obtain money belonging to the Church and in the custody and control of the People's Community Bank, Sipes unlawfully obtained approximately $121,620.89 of funds by writing numerous checks on the Church's

3

accounts at the People's Community Bank without authorization from the Church between on or

about January 16, 2009, and continuing through about July 26, 2019.

## THE CHARGES

THE GRAND JURY CHARGES THAT: .

8.      On or about May 10, 2019, in Ripley County, in the Southeastern Division of the

Eastern District of Missouri, the defendant, Ruby P. Sipes, for the purpose of executing the

aforesaid scheme and artifice to obtain funds belonging to the Emmanuel Baptist Church and

under the custody or control of the People's Community Bank, knowingly prepared and

negotiated a check drawn on an account of the Church at the People's Community Bank, check

number 021549 in the amount of $1,050.00 and made payable to Ruby Sipes, without authority

from the Church to do so, and said check was honored and paid by the bank, in violation of Title

18, United States Code, Section 1344.(2).

## COUNT II

THE GRAND JURY FURTHER CHARGES THAT:

9.      All the allegations contained in paragraphs 1 through and including paragraph 7

of Count I of this Indictment, are re-alleged and incorporated by reference as if fully set forth

herein.

10.     On or about June 7, 2019, in Ripley County, in the Southeastern Division of the

Eastern District of Missouri, the defendant, Ruby P. Sipes, for the purpose of executing the

aforesaid scheme and artifice to obtain funds belonging to the Emmanuel Baptist Church and

under the custody or control of the People's Community Bank, knowingly prepared and

negotiated a check drawn on an account of the Church at the People's Community Bank, check

number 021575 in the amount of $1,300.00 and made payable to Ruby Sipes, without authority

from the Church to do so, and said check was honored and paid by the bank, in violation of Title

18, United States Code, Section 1344.(2).

## COUNT III

THE GRAND JURY FURTHER CHARGES THAT:

11.     All the allegations contained in paragraphs 1 through and including paragraph 7

of Count I of this Indictment, are re-alleged and incorporated by reference as if fully set forth

herein.

12.     On or about July 8, 2019, in Ripley County, in the Southeastern Division of the

Eastern District of Missouri, the defendant, Ruby P. Sipes, for the purpose of executing the

aforesaid scheme and artifice to obtain funds belonging to the Emmanuel Baptist Church and

under the custody or control of the People's Community Bank, knowingly prepared and

negotiated a check drawn on an account of the Church at the People's Community Bank, check

number 021635 in the amount of $1,705.95 and made payable to Ruby Sipes, without authority

from the Church to do so, and said check was honored and paid by the bank, in violation of Title

18, United States Code, Section 1344.(2).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.     Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States

Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code,

Section 1343 as set forth in Counts I, II and III, the defendant shall forfeit to the United States of

America any property, real or personal, constituting or derived from any proceeds traceable to such violations.

2.       Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violations, the amount of which is at least $121,620.89.

3.       If any of the property described above, as a result of any act or omission of the defendant:

        a.       cannot be located upon the exercise of due diligence;

        b.       has been transferred or sold to, or deposited with, a third party;

        c.       has been placed beyond the jurisdiction of the court;

        d.       has been substantially diminished in value; or

        e.       has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
Tim J. Willis, # 62428MO
Assistant United States Attorney